

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VIRGIN GORDON, et al., | § | |
| | § | |
| *Plaintiffs*, | § | |
| VS. | § | CIVIL ACTION NO. 4:24-cv-634 |
| | § | |
| TRADERS DOMAIN FX, LTD, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

**ORDER**

Pending before this Court is Defendant Veritex Community Bank's ("Defendant" or "Veritex") Motion to Dismiss and Alternative Motion for a More Definite Statement. (Doc. No. 14). Plaintiffs did not respond. Having considered the motion and the relevant pleadings, the Court **GRANTS** the Motion. (Doc. No. 14).

## I. Background

Eighteen Plaintiffs bring this action against Defendant Veritex and four other defendants. Plaintiffs allege that Defendant Traders Domain FX LTD ("Domain"), Defendant Secap Holdings, LLC ("Secap"), Defendant Tin Quoc Tran (an individual, "Tran"), and Defendant Saeg Capital General Management, LP ("Saeg") operated a fraudulent scheme by soliciting or accepting funds from Plaintiffs using false promises that their funds would be invested. (Doc. No. 2 at 3). Plaintiffs allege that Domain, while operating as an online trading platform, misrepresented the success of its investors on its website. (*Id.* at 4). Based on these misrepresentations, and misrepresentations by "sponsors," who were responsible for recruiting investors, Plaintiffs agreed to transfer their money to Domain. (*Id.*). Plaintiffs transferred funds of no less than $15,000,000.00 to accounts held by Secap and Saeg with Defendant Veritex. (*Id.* at 4–5).

Plaintiffs allege that Domain's trading platform showed that they had collectively earned millions of dollars from their individual investments—though, in actuality, no earnings had accumulated because no funds had ever been invested. (*Id.* at 6). After Plaintiffs discovered withdrawals had been taken from their accounts with Domain, purported to be commissions at a rate of 40% to 50%, Plaintiffs requested to withdraw the funds from Domain. (*Id.* at 6–7). Domain continuously stalled returning Plaintiffs' funds, and has not returned Plaintiffs' funds or represented earnings to this day. (*Id.* at 7–8).

Plaintiffs brought claims, seemingly against all five Defendants, for: (1) breach of contract; (2) breach of implied covenant of good faith and fair dealing; (3) unjust enrichment / quantum meruit; (4) fraud; (5) conversion; (6) conspiracy; and (7) violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), as well as claims for punitive damages and attorneys' fees, which are asserted as separate "counts." Defendant Veritex now seeks to dismiss all claims against it under Federal Rule of Civil Procedure 12(b)(6), or alternatively, seeks a more definite statement under Rule 12(e).

## II.   Legal Standard

A defendant may file a motion to dismiss a complaint for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a

defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The court is not bound to accept factual assumptions or legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

### III.   Analysis

The Complaint contains just two factual allegations that reference Veritex, the bank housing the account to which Plaintiffs allegedly wired their investments: 1) "Plaintiffs collectively transferred no less than $15,000,000.00 to Defendants [sic] Secap and Defendant Saeg via certain accounts with Defendant Veritex and controlled by Defendant Tran;" and 2) "Plaintiffs were directed to wire their funds to accounts held by Defendant Secap and Defendant Saeg at Defendant Veritex, which Defendant Tran had access to." (Doc. No. 2 at 3, 5). Despite the lack of factual pleadings as to Veritex, Plaintiffs allege seven different causes of action against it.[1]

---

[1] Plaintiffs do not specify which of the five defendants each of the seven claims are brought against. Instead, Plaintiffs bring each cause of action against "Defendants" as a whole. The Fifth Circuit has long expressed concerns about "shotgun pleadings," including broaching the issue in an opinion as recent as October 2024. *See S. Leasing Partners, Ltd. v. McMullen*, 801 F.2d 783, 788–89 (5th Cir. 1986) (discouraging the use of a 'shotgun approach' to pleadings ... where the pleader heedlessly throws a little bit of everything into his complaint in the hopes that something will stick"); *Jones v. Grapeland Indep. Sch. Dist.*, No. 24-40194, 2024 WL 4490604, at *1 n.1 (5th Cir. Oct. 15, 2024) ("A 'shotgun pleading' is a pleading with 'multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claims is brought against.'"); *see also Thomas v. Holmes*, No. 2:23-CV-00190, 2024 WL 4135511, at *27 (S.D. Tex. Mar. 15, 2024), *report and recommendation adopted*, No. 2:23-CV-00190, 2024 WL 3935432 (S.D. Tex. Aug. 26, 2024) (quoting *Alexander v. Southern Health Partners, Inc.*, No. 3:22-cv-0395-x, 2023 WL 3961704, at *3 (N.D. Tex. June 12, 2023) (Shotgun pleadings "violates Federal Rule of Civil Procedure 8's 'notice pleading standard by failing ... to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.'")).

3

### A. Breach of Contract

A breach of contract claim requires that: (1) a valid contract exists; (2) the plaintiff performed or tendered performance as contractually required; (3) the defendant breached the contract by failing to perform or tender performance as contractually required; and (4) the plaintiff sustained damages due to the breach. *Pathfinder Oil & Gas, Inc. v. Great W. Drilling, Ltd.*, 574 S.W.3d 882, 890 (Tex. 2019).

The Court is uncertain whether Plaintiffs truly bring this a cause of action for breach of contract against Veritex. Plaintiffs state that "Defendant Domain, Defendant Secap and Defendant Saeg entered into a contract," but also alleges "Defendants" as a whole breached the terms of the agreement. Plaintiffs neither allege that any of the Plaintiffs are customers of Veritex, nor do Plaintiffs allege that Plaintiffs and Veritex had a contract, or any type of agreement at all. Plaintiffs also fail to state how Veritex allegedly breached any supposed contract. Therefore, because there are no well-pleaded factual allegations against Veritex that plausibly give rise to an entitlement to relief for this cause of action, Plaintiffs breach of contract claim against Veritex is dismissed.

### B. Breach of Implied Covenant of Good Faith and Fair Dealing

Plaintiffs' Complaint states that "[t]hrough the terms of the agreement there exists an implied duty of good faith and fair dealing," and that "Defendants' actions" breached this implied duty. (Doc. No. 2 at 9–10). The Court found above that Plaintiffs have insufficiently alleged that a contract exists between any Plaintiff and Veritex. While the Supreme Court of Texas has recognized that an implied duty of good faith and fair dealing may arise in certain circumstances in the absence of express contractual language, the *existence* of a contract "is a necessary element of the duty of good faith and fair dealing." *Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 262 (5th Cir. 1995) (citing *Natividad v. Alexsis*, Inc., 875 S.W.2d 695, 697 (Tex. 1994)).

Plaintiffs failed to plead facts that that plausibly give rise to the existence of any duty, contractual or otherwise. Thus, Plaintiffs' claim against Veritex for beach of an implied covenant of good faith and fair dealing must be dismissed.

### C. *Unjust Enrichment and Quantum Meruit*

Unjust enrichment claims are based on quasi-contract and are predicated on the absence of an express contract controlling the circumstances. *See Fortune Production Co. v. Conoco, Inc.*, 52 S.W.3d 671, 683 (Tex. 2000). To recover under unjust enrichment, or quantum meruit, a claimant must eventually be able to prove: "1) valuable services were rendered or materials furnished; 2) for the person sought to be charged; 3) which services and materials were accepted by the person sought to be charged, used and enjoyed by him; and 4) under such circumstances as reasonably notified the person sought to be charged that the plaintiff in performing such services was expecting to be paid by the person sought to be charged." *Vortt Expl. Co. v. Chevron U.S.A., Inc.*, 787 S.W.2d 942, 944 (Tex. 1990).

Plaintiffs simply state that "[a]s a direct and proximate result of Defendants' actions, Defendants would be unjustly enriched in the event that Plaintiffs are not duly compensated for the loss of their investment funds." (Doc. No. 2 at 10). As noted above, the entire Complaint mentions Veritex just twice. Plaintiffs do not allege that Veritex knew or had any reason to know that the funds transferred to their bank were the property of Plaintiffs. In fact, Plaintiffs plead that they wired funds to accounts that were "held by Defendant Secap and Defendant Saeg at Defendant Veritex, which Defendant Tran had access to." (*Id.* at 5). Without facts suggesting that Veritex was aware that the incoming funds were Plaintiffs' property, it cannot be said that Veritex was "reasonably notified" that Plaintiffs were "expecting to be paid by the person sought to be charged." *See Vortt Expl. Co.*, 787 S.W.2d at 944. Further, there are no facts pled that would allow

5

anyone to conclude that Veritex was unjustly enriched or that they even received any funds they were not due.

Plaintiffs do not provide well-pleaded factual allegations against Veritex that plausibly give rise to an entitlement to relief for this cause of action. Thus, the claim of unjust enrichment/quantum meruit must therefore be dismissed as to Veritex.

*D. Fraud*

To prevail on a fraud claim, a plaintiff must show: (1) the defendant made a material representation that was false; (2) the defendant knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth; (3) the defendant intended to induce the plaintiff to act upon the representation; and (4) the plaintiff actually and justifiably relied upon the representation and suffered injury as a result. *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001). The fourth element has two requirements: the plaintiff must show that it actually relied on the defendant's representation and, also, that such reliance was justifiable. *Grant Thornton LLP v. Prospect High Income Fund*, 314 S.W.3d 913, 923 (Tex. 2010).

Moreover, Federal Rule of Civil Procedure 9(b) demands a heightened pleading standard for fraud claims. Rule 9(b) requires that plaintiffs plead fraud with particular facts of time, place, and content, though knowledge or intent may be alleged generally. *Elson v. Black*, 56 F.4th 1002, 1008 (5th Cir. 2023). Accordingly, Rule 9(b) mandates "the who, what, when, and where [to] be laid out before access to the discovery process is granted." *Williams v. WMX Tech., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997).

The Complaint states that:

> Defendant Domain's website misrepresented the historical returns investors within the platform had received, such as a purported $482,000 return over a two-year

6

>period. Plaintiffs invested large sums with Defendant Domain in a cumulative amount of approximately $15,000,000.00 based on these material misrepresentations. The Plaintiffs agreed to transfer their money to Defendant Domain on the basis of representations that their funds would in fact be invested and could be withdrawn upon request. . . . [T]hese statements were false, and were made with the intention of deceiving Plaintiffs to conceal Defendant Domain, Defendant Secap, Defendant Saeg and Defendant Tran's misappropriation, and to induce Plaintiffs to believe incorrectly, that their money was secure and would be returned.

(Doc. No. 2 at 5, 7).

The Complaint does not contain a single fact regarding how Veritex is involved in the alleged fraud. Plaintiffs have not identified any representation made to any Plaintiff by a representative of Veritex at any time or place. Therefore, because there are no well-pleaded factual allegations against Veritex that plausibly give rise to an entitlement to relief for this cause of action, Plaintiffs fraud claim against Veritex must be dismissed.

### E. Conversion

Conversion is the "unauthorized and wrongful assumption and exercise of dominion and control over the personal property of another, to the exclusion of or inconsistent with the owner's rights." *Automek, Inc. v. Orandy*, 105 S.W.3d 60, 63 (Tex. App.—Houston [1st Dist.] 2003, no pet.). "A claim for conversion requires the plaintiff to show that (1) he owned, had legal possession, or was entitled to possession of the property, (2) the defendant assumed and exercised dominion and control over the property in an unlawful and unauthorized manner, to the exclusion of and inconsistent with the plaintiff's rights, and (3) the defendant refused the plaintiff's demand for return of the property." *Id.* And, "[a]n action for conversion of money must meet additional requirements." *Bancroft Life & Cas. ICC, Ltd. v. GRBR Ventures, L.P.*, 12 F. Supp. 3d 980, 990 (S.D. Tex. 2014). The money must have been: "(1) delivered for safe keeping; (2) intended to be kept segregated; (3) substantially in the form in which it is received or an intact fund; and (4) not the subject of a title claim by its keeper." *Id.*

7

Plaintiffs claim that "Defendants wrongfully acquired possession of Plaintiffs' property and Plaintiffs are entitled to have their property returned. To the extent that Defendants have legally come into possession of Plaintiffs' property, Plaintiffs have made a demand for the return of such property and hereby repeats that demand." (Doc. No. 2 at 11). The only property Plaintiffs' identify are the funds wired to a Veritex account. Plaintiffs have not pled that the money was delivered "for safe keeping," nor that Plaintiffs intended for Veritex to keep it segregated. Since Plaintiffs have not pled facts that would allow the Court to infer that they plausibly meet the additional requirement for an action of conversion for money, this cause of action against Veritex must be dismissed.

### F. Conspiracy

Plaintiffs allege that:

> Defendants conspired and entered an agreement amongst themselves to solicit funds from Plaintiffs based on fraudulent misrepresentations described above; to transfer and comingle the funds received from Plaintiffs between companies that Defendants owned and controlled; and to make ongoing misrepresentations to the Plaintiffs concerning the whereabouts of the Plaintiffs' investment funds and the processing status of withdrawal requests.

(Doc. No. 2 at 12).

Civil conspiracy is not an independent tort, and instead depends on an underlying tort as it is a theory of vicarious liability. *Agar Corp., Inc. v. Electro Cirs. Int'l, LLC*, 580 S.W.3d 136, 142 (Tex. 2019). Therefore, civil conspiracy "survives or fails alongside" the underlying tort alleged. *Id.* at 141. Since the Court has dismissed each tort claim against Veritex, the Court further holds that Plaintiffs civil conspiracy claim must "fail alongside" it.

### G. RICO/Texas Organized Crime Statute

There are four substantive RICO violations set out in § 1962. 18 U.S.C. § 1962(a)-(d). The elements required to state a claim vary according to the particular RICO claim asserted. *Elliot v.*

*Foufas*, 867 F.2d 877, 880 (5th Cir. 1989). While Plaintiffs titled Count VII of their complaint "Violation of Racketeer Influced [sic] and Corrupt Enterprises Act ("RICO")," Plaintiffs do not reference any of the four substantive RICO sections. *See* (Doc. No. 2 at 12–14). Instead, Plaintiffs state that Defendants' activities are prohibited by the Texas Penal Code and violate the Texas Organized Crime Statue. (*Id.* at 12–13); TEX. PENAL CODE § 71.02.

The Texas Penal Code does not create private causes of action. *Spurlock v. Johnson*, 94 S.W.3d 655, 658 (Tex. App.—San Antonio 2002, no pet.). Thus, to the extent that Plaintiffs' claim against Veritex is premised on an alleged private cause of action under the Texas Penal Code, that "cause of action" is dismissed.

Construing Plaintiffs' Complaint liberally, it is plausible that Plaintiffs intended to use the asserted violations of the Texas Organized Crime Statute to support their RICO claim. Still, other than the title of Count VII, Plaintiffs only vague mention "racketeering activities" by the Defendants. Moreover, Plaintiffs invoke only jurisdiction under 28 U.S.C. 1332—the diversity jurisdiction statute—with no mention of federal question jurisdiction. Even if Plaintiffs intended their claim against Veritex to be interpreted as a RICO claim, Plaintiff asserts only legal conclusions couched as a factual allegation, which cannot support a cause of action. See *Twombly*, 550 U.S. at 555.

Regardless of which of the four RICO sections Plaintiffs intended to bring their claims under, three threshold elements must be met. *Delta Truck & Tractor, Inc. v. J.I. Case Co.*, 855 F.2d 241, 242 (5th Cir. 1988). The defendant must be: (1) a person who engages in (2) a pattern of racketeering activity (3) connected to the acquisition, establishment, conduct, or control of an enterprise. *Id.* Plaintiffs merely state that "Defendants were associated with an 'enterprise' and conducted and participated in, directly or indirectly, the affairs of the enterprise through a pattern

of racketeering activity." (Doc. No. 2 at 13–14). This legal conclusion is insufficient to support an intended RICO claim. Therefore, this cause of action is dismissed as to Veritex.

Plaintiffs' additional "counts" for punitive damages and attorney's fees are remedies sought, not separate causes of action. As such, the Court will not address whether to dismiss these "counts" against Veritex as there is no cause of action left to dismiss.

## IV. Conclusion

For the foregoing reasons, the Court hereby GRANTS Defendant Veritex's Motion to Dismiss. (Doc. No. 14). All claims brought against Veritex are hereby dismissed.

SIGNED at this 3ʳᵈ day of January, 2025.

Andrew S. Hanen

United States District Judge